UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CELIA GREENGRASS,**

        Plaintiff,

  -vs-                                                  **Case No. 12-C-212**

**INTERNATIONAL MONETARY SYSTEMS,
Ltd.,**

        Defendant.

## DECISION AND ORDER

      This is a claim for unlawful retaliation under Title VII. Both parties filed motions for summary judgment on April 19. Instead of responding to the defendant's motion, Celia Greengrass moved to strike the entire motion for noncompliance with this district's rules governing summary judgment procedure. Motions to strike on such grounds are explicitly disfavored by those same local rules. A motion "seeking sanctions for alleged noncompliance with a Local Rule" should not be filed "unless the alleged violation is egregious or unfairly prejudicial," a standard which reflects "the Court's expectation that counsel will rarely file such motions." Gen. L.R. 83(f) (and Committee Comments); *see also* Civil L.R. 56(b)(9), Committee Comment ("collateral motions in the summary judgment process, including motions to strike, are disfavored. Whenever possible all arguments relating to the other party's submissions should be contained in the memoranda").

Greengrass thinks her motion is justified because, well, there were lots of errors. She claims that she is not attempting to gain a tactical advantage, but then opposes the defendant's motion to correct the errors that supposedly necessitated her motion in the first instance. The Court sees nothing that was raised in Greengrass's motion that could not simply have been raised in opposition to the defendant's motion. Greengrass claims that the sheer number of problems necessitated an eleven-page brief, which would have then left little room for substantive response (the local rules limit summary judgment opposition briefs to 30 pages). Quite frankly, the Court doubts that eleven pages (or any pages) were necessary to address these issues, but if Greengrass thinks they are so important, she is always free to file a motion to enlarge the page limits, which the Court usually grants as a matter of course on a showing of good cause. In fact, the Court will *sua sponte* expand Greengrass's page limit for her response brief to forty pages.

Greengrass also moves to strike the expert report of Professor Edward Fallone on *Daubert* grounds. The Court will defer ruling on this request until the motions for summary judgment are fully briefed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Greengrass's motion to strike [ECF No. 30] is **DENIED**, with the exception of the request to strike the expert opinion of Professor Fallone, which the Court will hold in abeyance;

2. Defendant's motion for leave to file an Amended Memorandum of Law in Support of Summary Judgment, Amended Statement of Proposed Material Facts, and Amended Affidavit of Martin Sklapsky [ECF No. 32] is **GRANTED**; and

3. The page limit for Greengrass's response to the defendant's amended motion for summary judgment is now **forty (40)** pages.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2013.

                                    **BY THE COURT:**

                                    */s/ Rudolph T. Randa*
                                    **HON. RUDOLPH T. RANDA**
                                    **U.S. District Judge**